## THE AUGUSTO.[1]

### GUDEWILL v. THE AUGUSTO.

*(District Court, E. D. New York. July 13, 1886.)*

CARRIERS—OF GOODS—SHIPS—STOWAGE—OPENING BALES FOR PURPOSES OF STOWAGE—CONSEQUENT REDUCTION IN VALUE—LIABILITY.

Certain bales of cork-wood were shipped in good order, on board of the bark Augusto. While on board, some of the bales were opened, apparently for the sake of stowage. In rebaling, woods of different sizes and quality were so mixed as to reduce their market value. The consignee refused to give a receipt for the same in good order, whereupon the ship-owner sold the goods. On suit brought by the consignee to recover the sound value of the goods, less the freight on the whole shipment, *held*, that libelant should recover that value.

In Admiralty.

*Hill, Wing & Shoudy*, for libelants.

*Ullo, Ruebsamen & Hubbe*, for claimants.

BENEDICT, J. Certain bales of cork-wood and cork were shipped in good order on the bark Augusto. While on board ship 62 bales were opened by cutting or otherwise, apparently for the sake of stowage. In rebaling these 62, woods of different sizes and quality were so mixed as to cause a serious reduction in the market value of the goods so mixed. The ship refused to deliver these 62 bales except upon receiving a receipt for the same in good order. The consignees refused to give such a receipt, and thereupon the ship-owner sold the goods. The consignee now, by this action, seeks to recover the sound value of these 62 bales, less the freight on the whole shipment. The ship rests her defense upon the fact proved that, subsequent to the original demand of a receipt in good order, she offered to deliver these bales, subject to the ship's lien for freight. In reply, the libelants claim that, upon sending the receiving clerk, O'Brien, to the ship for the goods, in accordance with the offer to deliver sub-

---

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

ject to the ship's lien for freight, the goods were again refused, unless a receipt in good order was given. The evidence is not as clear as it might be as to the time of O'Brien's demand, but I think the testimony justifies the opinion that the visit of O'Brien to the ship was in consequence of the offer to deliver the goods, and, if so, it was of course subsequent to the offer. The testimony of O'Brien shows, therefore, that the offer to deliver was not adhered to; and, as the condition of the goods did not justify the ship in asking for a receipt in good order, a breach of the contract is proved. There seems to be no doubt as to the value of the goods in the 62 bales, and that value is the measure of the libelants' damages resulting from the breach. The libelant must recover that value, viz., $1,368.20, less, of course, the freight on the whole shipment, which was $379.49.

Let a decree be entered in favor of the libelant for $988.49, with interest from August 19, 1881.